## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL T. BOLDEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:23-cv-02015 (UNA) |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
|    Defendant. | ) |

### **MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint without prejudice.

Plaintiff, who is apparently civilly committed due to his classification as a sexually violent predator, is currently incarcerated at the Rushville Treatment & Detention Center, located in Rushville, Illinois. Plaintiff sues the State of Illinois and asks this court to overturn the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207, for its purported general unfairness, and asks the "Deputy Clerk" of this District to sign a petition in furtherance of same. Plaintiff faces hurdles that he cannot overcome here.

At the outset, the court notes that the complaint is patently procedurally deficient. *Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). But here, plaintiff's complaint fails to formally comply with Federal Rule 10(a) and (b) and D.C. Local Civil Rule 5.1(d) and (g), and it is unsigned, in contravention of Federal Rule 11(a).

Even if the complaint met these formal requirements, the allegations themselves fare no better. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Rather than presenting factual allegations to support a federal question, plaintiff's complaint appears only to express his personal disapproval of the implications of an Illinois law; he fails to identify any federal authority by which he challenges that law, or any other basis to establish this court's subject matter jurisdiction. And this case cannot be brought pursuant to diversity jurisdiction because the "Supreme Court long has held that states are not subject to diversity jurisdiction under this provision[,]" *Long v. Dist. of Columbia*, 820 F.2d 409, 412–13 (D.C. Cir. 1987) (quoting *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)), plaintiff does not plead any amount in controversy, let alone the threshold amount, and finally, both plaintiff and defendants are located in Illinois, *see Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

Moreover, it is unclear what connection, if any, this case has to this district. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the

events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, all of the parties are located in Illinois, and plaintiff challenges an Illinois law. And insofar as plaintiff may be challenging the conditions of his confinement and his treatment at Rushville Treatment & Detention Center, the venue in which a facility is located is generally the one most concerned with, and most apt to adjudicate any "unconstitutional conditions" claims. *See Cameron v. Thornburgh*, 983 F.2d 253, 256–57 (D.C. Cir. 1993). Consequently, this lawsuit should be filed, if at all, in the United States District Court for the Central District of Illinois. *See* 28 U.S.C. § 1406(a).

  For all of these reasons, this case will be dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date: 7/25/2023

TREVOR N. McFADDEN
United States District Judge